IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Criminal Case No. 15-cr-00397-RBJ-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREW JOSEPH WORKMAN,

    Defendant.

ORDER on AMENDED MOTION FOR RELEASE PENDING APPEAL

The matter is before the Court on defendant's Amended Motion for Release Pending Appeal. ECF No. 54. The motion requests that Mr. Workman be housed in a halfway house pending the conclusion of a pending appeal from this Court's suppression of certain critical evidence in the case. The government has responded, and the defendant has replied. ECF Nos. 55 and 56. The Court held a hearing on December 20, 2016. At the conclusion of the hearing the Court denied the motion and informed the parties that a written order would issue.

**FACTS and CASE HISTORY**

On October 7, 2015 Andrew Joseph Workman was indicted for receipt and possession of child pornography. ECF No. 1. On October 19, 2015, following a discovery and detention hearing, Magistrate Judge Michael E. Hegarty ordered that Mr. Workman be detained during the pendency of the case. ECF No. 18.

In his detention order Judge Hegarty noted that charges of receipt and possession of child pornography give rise to a rebuttable presumption of detention, and that, in light of the indictment, probable cause existed to sustain the charges. ECF No. 18 at 3. He further found, by

a preponderance of the evidence, that Mr. Workman presented a risk of nonappearance due to several factors: (1) the nature of the offense; (2) the admission of counsel that the defendant was not contesting detention; (3) Mr. Workman's lack of contacts with the community; (4) his current living situation, because he had been asked to leave his apartment by his roommate; and (5) information in the file indicating suicidal ideation. *Id.* From those facts he concluded that there was no condition or combination of conditions that would reasonably assure his appearance for court proceedings, "especially in light of the presumption of detention in this case." *Id.*

On September 6, 2016, this Court granted a motion to suppress evidence obtained from the government's search of Mr. Workman's computer. ECF No. 33. On October 3, 2016 the government appealed the suppression order. ECF No. 46. That appeal remains pending at this time.

The defendant filed his amended motion for release pending appeal on October 24, 2016. He argues that the suppression of the computer evidence substantially undermines the basis for the detention order, and that the Court should not consider the suppressed evidence when it determines whether there is a rebuttable presumption against release, citing *United States v. Jay*, 261 F. Supp. 2d 1235, 1239-40 (D. Ore. 2003). He suggests placement in a halfway house and an order mandating mental health treatment, arguing that these will mitigate concerns about flight and danger to himself or others. ECF No. 54 at 4-6. Defendant argues that, in the circumstances, continued detention would violate his due process rights. *Id.* at 6-7.

The government responds that the suppression order does not impact the determination of probable cause that Mr. Workman committed the offense, citing *United States v. Pina-Aboite*, 97 F.App'x 832, 835 (10th Cir. 2004) (unpublished). ECF No. 55 at 3. Similarly, the government argues that the Court should look at the strength of the evidence without regard to its

admissibility at this stage, citing *United States v. Cos,* 198 F.App'x 727, 730 (10th Cir. 2006) (unpublished). *Id.* at 3-4. The government contends that the facts found by Judge Hegarty have not changed. The government disputes that continued detention during its appeal will violate Mr. Workman's due process rights. *Id.* at 5-7.

In reply the defendant emphasizes that at the time of the initial detention hearing pretrial services prepared a report and recommended his release to a halfway house. ECF No. 56 at 1. In that report, filed at ECF No. 17, Officer Junker recommended release on a $10,000 unsecured bond with a list of 23 conditions. In response to a question from the Court near the conclusion of the December 20, 2016 hearing, Officer Junker acknowledged that he did not then and still does not consider the weight of the evidence in making such recommendations. His position is that, setting aside the weight of the evidence, the bond conditions he has recommended would suffice for placement at a halfway house.

## ANALYSIS AND CONCLUSIONS

Under the Bail Reform Act courts must hold a hearing "to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).[1] That, of course, is what Judge Hegarty did. The court must consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the individual, and (4) the nature and seriousness of the danger to the individual or to the community that would be posed by the individual's release. 18 U.S.C. § 3142(g). Again, the record reflects that Judge Hegarty

---

[1] The conditions listed in subsection (c) must include that the individual commit no crime and may include, as necessary and appropriate, such additional conditions as remaining in the custody of a designated person, maintaining or obtaining employment, undergoing treatment, and posting a bond.

considered the relevant factors. The same factors apply to this Court's consideration of detention pending appeal. *See* 18 U.S.C. § 3143(c).

Of the factors on which Judge Hegarty relied, one – the nature of the offense and the attendant rebuttable presumption of detention – has not changed. *See Pina-Aboite,* 97 F.App'x at 835. Three others -- Mr. Workman's lack of contacts with the community, the fact that he does not have a non-custodial place to live, and information in the file indicating suicidal ideation, likewise haven't changed. I accept that placement in a halfway house with mental health treatment would provide Mr. Workman a place to live and would potentially reduce the risk of flight. However, it would not eliminate the latter risk, nor would it eliminate Judge Hegarty's concern about suicidal ideation. The Court was informed by government counsel that Mr. Workman has attempted suicide twice.

The principal change, of course, is this Court's suppression of the computer evidence. I realize that suppression of the evidence derived from the NIT warrant makes it difficult if not impossible for the government to prosecute the case. But that order is the subject of the government's appeal, and in *Pina-Aboite* the court stated that it is not improper for the district court to consider the suppressed evidence in evaluating the weight of the evidence for detention purposes while the appeal is pending. *Id. See also Cos,* 198 F.App'x at 730-31. Also, while I believe that suppression was proper, I recognize that several district courts have considered the same suppression issue in cases involving the same NIT warrant, and they are split. In that context, it seems to me to be even more appropriate to consider the suppressed evidence in evaluating the weight of the evidence. If the evidence were deemed admissible, it would provide substantial evidence of guilt.

Finally, I conclude that Mr. Workman has received substantive and procedural due process. The reasons for his detention have been amply explained and, in the circumstances, are neither excessive nor unfair. Bear in mind that he did not contest detention until this Court granted his motion to suppress evidence. He also has had two hearings and has had the opportunity to present evidence (if he had wished to) and argument.

## ORDER

In view of existence of probable cause to believe Mr. Workman committed the offense, the rebuttable presumption of detention that arises from the serious nature of the charged offense, the fact that several courts have not suppressed evidence obtained with the same warrant, the weight of the evidence if the suppression order is reversed, and the factors concerning flight risk and suicidal ideation that troubled Judge Hegarty and trouble me as well, I exercise my discretion to deny the amended motion for release pending appeal.

DATED this 21st day of December, 2016.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge